JUNIOR COLLEGE STUDENT CENTER — REVENUE BONDS A board of trustees of a community junior college is not presently authorized to, and therefore cannot legally, issue revenue bonds for the purpose of constructing a student center with the indebtedness to be retired from earnings of operation of the facility. The Attorney General has had under consideration your recent letter in which you refer to 70 O.S. 4401 [70-4401] — 70 O.S. 4418 [70-4418] (1969), which authorize the establishment and maintenance of community junior colleges. You inquire as follows: "May the Board of Trustees of a community junior college established and operated under the provisions of the community junior college law cited above . . . legally issue revenue bonds for the purpose of constructing a student center with the indebtedness to be retired from earnings of operation of the facility ? " Title 70 O.S. 4408 [70-4408] (1969), provides as follows: "Any community junior college established, operated, and accredited as provided for herein shall be eligible to receive assistance from the State of Oklahoma in funds for educational and general operation of the institution, which funds shall be allocated by the State Regents from monies appropriated by the Legislature, which allocation shall be on a per capita basis in an amount equal to 50 per cent of the per capita state-appropriated allocation made to the two year college member institutions of The Oklahoma State System of Higher Education. Any municipality or subdivision of the State government represented in the jurisdiction of the community junior college shall have authority to use any of its funds, now or hereafter available, to assist in the establishment, maintenance, and operation of the community junior college." Title 70 O.S. 4412 [70-4412] (1969), 4412, provides as follows: "The Oklahoma State Regents for Higher Education shall have authority to allocate State Aid to community junior colleges meeting the standards and criteria for accreditation by the State Regents, for capital improvements purposes from funds appropriated by the State Legislature for this purpose, provided that a lone-range sic comprehensive plan for the campus development of the junior college has been prepared by the institution and approved by the State Regents. After approval of the plan the State Regents may allocate from any funds available for such purpose not more than forty per cent (40%) of the estimated cost of proposed construction of buildings and other capital improvements, provided that the institution shall have furnished assurance to the State Regents that the remaining sixty per cent (60%) of the estimated cost of the construction project will be provided in the form of federal and/or local funds." Title 70 O.S. 4415 [70-4415] (1969), provides as follows: "Any community that has heretofore been or that may hereafter be authorized to establish a junior college by order of the Oklahoma State Regents for Higher Education pursuant to Chapter 100, Oklahoma Session Laws 1967, as amended (70 O.S. 4401 [70-4401] — 70 O.S. 4409 [70-4409] (1968)), and that has been or may be declared to be an area school district for vocational and technical schools by resolution of the Board of Trustees of the junior college, may, through the Board of Trustees of the community college, in accordance with Section 9B, Article X, Oklahoma Constitution, issue general obligation bonds in the same manner as bonds are issued by independent school districts, and cause taxes to be levied against all taxable property in the community to meet payment of principal and interest of the bonds under the procedure prescribed for bonds of independent school districts; and may make levies as provided by Article X, Section 9B and Article X, Section 10, Oklahoma Constitution, and Section 5 of Chapter 321, Oklahoma Session Laws 1967 (70 O.S. 4 [70-4] — 70 O.S. 47 [70-47] (1968))." None of the above quoted statutory provisions, nor any statutes referred to therein, authorize the issuance of revenue bonds. No authority is given in the community junior college act for the board of trustees of a junior college established thereunder to issue revenue bonds to aid in the construction and maintenance of campus facilities. Title 70 O.S. 4401 [70-4401] — 70 O.S. 4013 [70-4013] (1969), authorize the Boards of Regents of educational institutions in this state to issue such revenue bonds. But those sections have no application to a community junior college, which is administered by a board of trustees rather than a Board of Regents. It is a cardinal principle of statutory construction that when boards or commissions are created by statute, their powers are limited to those granted by the applicable statute and may not be enlarged by the board itself. Boydston v. State, Okl., 277 P.2d 138 (1954). It is therefore the opinion of the Attorney General that your question be answered in the negative. A board of trustees of a community junior college is not presently authorized to, and therefore cannot legally, issue revenue bonds for the purpose of constructing a student center with indebtedness to be retired from earnings of operation of the facility. (W. J. MONROE)